# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 3, 2011

No. 09-20150

Lyle W. Cayce
Clerk

STENNIE MEADOURS, Individually and as Personal
Representative of the Estate of Robert Meadours;
BRUCE MEADOURS, Individually and as Personal
Representative of the Estate of Robert Meadours

Plaintiffs - Appellants

v.

STEVEN R. ERMEL; JEFFREY DALTON;
JEFFREY N. KOMINEK; STEPHEN M. MARTIN

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-102

Before JONES, Chief Judge, and DENNIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This appeal raises a single issue: whether the jury instructions communicated, as they must, that qualified immunity is available only when police officers' actions are objectively reasonable. The parents of decedent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No.  09-20150

Robert Meadours sued under § 1983 for his shooting death by police who were attempting to subdue him during a delusional outburst.

In an earlier appeal, this court held that material factual issues surrounding the reasonableness of the officers' actions existed, which deprived this court of appellate jurisdiction.  *Meadours v. Ermel*, 483 F.3d 417, 422-23 (5th Cir. 2007).  On remand, at the trial's conclusion, the district court read a jury charge based on the Fifth Circuit's pattern instructions.  The jury returned a verdict in favor of the officers and  answered the following interrogatory in the negative:  "Do you find by a preponderance of the evidence that the Defendant's use of force was clearly excessive to the need and was objectively unreasonable?"  Meadours's parents appeal.

This court reviews jury instructions for an abuse of discretion and "will reverse only when the charge as a whole leaves us with substantial and ineradicable doubt whether the jury has been properly guided in its deliberations."  *Pinkerton v. Spellings*, 529 F.3d 513, 515 (5th Cir. 2008) (internal quotation omitted).

Law enforcement officers, like other government officials performing discretionary functions, "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982).  In a case involving "the reasonableness of the manner in which a seizure is effected," courts and juries "must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion."  *Scott v. Harris*, 550 U.S.  372, 383, 127 S. Ct. 1769 (2007). The effect of requiring reasonable action is that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."  *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092 (1986).

2

No.  09-20150

In the present case, the district court read an extended jury charge related to the officers' assertion of qualified immunity.  The bulk of this instruction quotes the Fifth Circuit Pattern Jury Charge.

Appellants take issue with the last paragraph:

> [If you find] either (1) that the Defendants were plainly incompetent or that (2) they knowingly violated the law regarding Robert Meadours's constitutional rights, you must find for the Plaintiffs. If, however, you find that the Defendants had a reasonable belief that their actions did not violate the constitutional rights of Robert Meadours, then you cannot find them liable even if Robert Meadours's rights were in fact violated as a result of the Defendants' objectively reasonable actions.

They contend that the district court could not express the words "knowing violation" or ask whether "the Defendants had a reasonable belief" without transforming the objective test for immunity into a subjective one. We disagree. Appellants argument divorces the contested language not only from the surrounding instructions, but also from the body of Supreme Court precedent defining qualified immunity.  Because Appellants' argument has no merit, we need not broach Appellees' request for a determination whether their alleged constitutional violation was proven at all.

First, assuming *arguendo* that the challenged language was potentially misleading, the other instructions dispelled any ambiguity.  Considering the instructions as a whole, their repeated emphasis on "objectively reasonable" conduct as assessed by "a reasonable officer on the scene" leaves no room for a juror to apply a subjective test.  Five instructions endorsing objectivity trump two that are at worst unclear.

Second, the language with which Appellants take issue is rooted in Supreme Court precedent.  The Court in *Malley* stated that qualified immunity is unavailable for "the plainly incompetent or those who knowingly violate the

No.  09-20150

law."  475 U.S. at 341.  On this authority, the district court instructed the jury to enter a verdict for Meadours if it found "(1) that the Defendants were plainly incompetent or that (2) they knowingly violated the law. . . ."  Additionally, as a substantive matter, this instruction favors plaintiffs.  It allows the jury to reject qualified immunity on the basis of a particular defendant's knowledge, even where a reasonable officer would *not* have known that his actions violated the plaintiff's rights.

Appellants also contend that the district court erred in stating that if "Defendants had a reasonable belief" about the constitutionality of their actions, "then you cannot find them liable even if Robert Meadours's rights were in fact violated as a result of the Defendants' objectively reasonable actions."  This instruction is the counterpart of the charge discussed above.  It recognizes the possibility that reasonable actions protected by qualified immunity might, in fact, violate the plaintiff's rights.  *See Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990) ("even if a defendant's conduct actually violates a plaintiff's constitutional rights, the defendant is entitled to qualified immunity if the conduct was objectively reasonable").  This possibility depends on the reasonableness of an officer's mistaken view about his victim's rights—*i.e.*, the *objective* reasonableness of his *subjective* beliefs. Instructing the jury to evaluate the defendant's views does not affect the requirement of objective reasonableness.  As an added precaution, the instruction repeats the objective standard at the end.  If any doubt exists in a reasonable  juror's mind about the "belief" at the beginning of the sentence, it could not survive the clarification at the sentence's conclusion: "objectively reasonable actions."  For this reason, the Fifth Circuit's pattern jury instructions recommend the language used in the present case. *See* Fifth Circuit Pattern Jury Instructions 10.1 and 10.2 (2006).

Evaluated either in the context of the other instructions or in isolation, the challenged language in the jury charge is a correct statement of the law.  It did

4

No. 09-20150

not relieve the officers who shot Meadours from demonstrating that their actions were objectively reasonable. Accordingly, the district court's judgment is **AFFIRMED**.